DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

HILLSBOROUGH COUNTY, a political subdivision
of the State of Florida,

Petitioner,

v.

P & P HOLDINGS GROUP, LLC,

Respondent.

No. 2D2025-2614

_____

July 24, 2026

Petition for Writ of Certiorari to the Circuit Court for Hillsborough
County; Laura E. Ward, Judge.

Kenneth C. Pope and Mary J. Dorman, Hillsborough County Attorney's
Office, Tampa, for Petitioner.

John J. Cavaliere, III, and Nicole J. Poot of Lewis, Longman & Walker,
P.A., St. Petersburg; and Robert A. Williams and Allan J. Charles of
Lewis, Longman & Walker, P.A., Tallahassee, for Respondent.

BLACK, Judge.

Hillsborough County seeks second-tier certiorari review of the

circuit court's order purporting to quash the final order of the

Hillsborough County Code Enforcement Board.  While it appears that the

circuit court applied an incorrect standard of review to an appeal pursuant to section 162.11, Florida Statutes (2024), we are confident that such errors will not be widespread. *See, e.g.*, *MGM of W. Fla., LLC v. Manatee County*, 406 So. 3d 351, 353, 355 (Fla. 2d DCA 2025) (explaining that section 162.11 provides for "a plenary appeal to the circuit court" rather than first-tier certiorari review and reiterating that "[i]n measuring the seriousness of an error to determine whether second-tier certiorari is available, one consideration is whether the error is isolated in its effect or whether it is pervasive or widespread in its application to numerous other proceedings" (quoting *Dep't of Highway Safety & Motor Vehicles v. Alliston*, 813 So. 2d 141, 145 (Fla. 2d DCA 2002))). In this case, we conclude that there has not been a miscarriage of justice. Accordingly, the petition for writ of certiorari is denied.

Petition denied.

LaROSE and KHOUZAM, JJ., Concur.

_____

Opinion subject to revision prior to official publication.